UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NATHAN ELIAZER SCHWARTZ, | § § | |
| *Appellant*, | § § | |
| v. | § § | CIVIL ACTION H-08-2600 |
| STAR HIGH YIELD INVESTMENT MANAGEMENT CORP., INC., | § § § § | |
| *Appellee*. | § | |

## ORDER

Pending before the court is appellee Star High Yield Investment Management Corporation, Inc.'s ("Star High Yield Investment Management") motion to dismiss the appeal of debtor–appellant Nathan Eliazer Schwartz ("Schwartz"). Dkt. 14. Having reviewed the motion and applicable law,[1] the court GRANTS appellee's motion to dismiss.

## I. BACKGROUND

In March of 2007, Star High Yield Investment Management brought suit against Schwartz in the United States Bankruptcy Court for the Southern District of Texas, in adversary proceeding 07-03170, seeking a determination that a state court judgment against Schwartz and in favor of Star High Yield Investment Management was not dischargeable, pursuant to 11 U.S.C. §§ 523(a)(2)(A); 523(a)(4); 523(a)(19)(A)(ii); and 523(a)(19)(B)(ii). Bankr. 07-ap-03170, Dkt. 1. The court heard evidence regarding dischargeability of the debt on November 27, 2007, and December 11, 2007. Bankr. 07-ap-03170, Dkt. 38. On August 7, 2008, the bankruptcy court issued a memorandum opinion declaring the state court judgment against Schwartz nondischargeable and entered final

---

[1] Schwartz did not file a response to the motion to dismiss.

judgment. Bankr. 07-ap-03170, Dkts. 38–39. Schwartz timely filed a notice of appeal on August 16, 2008.[2]  Bankr. 07-ap-03170, Dkt. 42.

On September 18, 20008, the clerk of this court issued a notice of docketing an appeal under Bankruptcy Rule 8007(b). 08-cv-2600, Dkt. 13. In accordance with the Federal Rules of Bankruptcy Procedure, Schwartz's brief was to be served and filed by October 3, 2008.[3] To date, nearly seven months later, Schwartz has not filed a brief, motion for extension, or correspondence indicating the reason for the delay in filing the brief. Thus, Star High Yield Investment Management now moves this court for dismissal of Schwartz's appeal. 08-cv-2600, Dkt. 14. Again, Schwartz has failed to respond directly to the pending motion or otherwise communicate with this court regarding its subject matter. Nor, despite Star High Yield Investment Management's motion to dismiss, has Schwartz filed his brief.

## II. ANALYSIS

"Federal Bankruptcy Rule 8009 requires bankruptcy appellants to file a brief within 15 days of docketing, and the district court may dismiss an appeal for failure to comply with this rule." *In re Pequeño*, 240 Fed. Appx. 634, 636 (5th Cir. 2007). Despite Schwartz's failure to timely file the brief, "[a]n appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." FED. R. BANKR. P. 8001.

---

[2] Federal Rule of Bankruptcy Procedure 8002 requires that a notice of appeal "be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from." FED. R. BANKR. P. 8002.

[3] "Unless the district court . . . by local rule or by order excuses the filing of briefs or specifies different time limits: . . . The appellant shall serve and file a brief within 15 days after entry of the appeal on the docket pursuant to Rule 8007." FED. R. BANKR. P. 8009.

The Fifth Circuit has made clear that dismissal is a "penalty of last resort" to be employed sparingly; however, the district court's determination that dismissal is proper is reviewed only for abuse of discretion. *In re Braniff Airways, Inc.*, 774 F.2d 1303, 1305 (5th Cir. 1985). Although other Circuits have established factors to be considered by the district court in determining whether dismissal is appropriate, the Fifth Circuit has declined to endorse a definitive test. *In re CPDC, Inc.*, 221 F.3d 693, 699 (5th Cir. 2000). But, the Fifth Circuit has suggested that the district courts be cognizant that:

> some infractions of the rules of bankruptcy procedure are harmless and do not merit dismissal; that dismissal unfairly punishes clients for the mistakes of their counsel in some cases; and that the primary goal of the courts as enforcers of the bankruptcy rules should be to ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate.

*Id.* at 699–700.

Here, the infraction is not entirely harmless. Because of the pending appeal, Star High Yield Investment Management has not attempted collection of the $1.2 million state court judgment since the bankruptcy court's entry of final judgment on August 8, 2008.[4] Further, there is no indication that the delay was a mere oversight or resulted from the inadvertency of Schwartz's counsel, for which it would be unfair to punish Schwartz. Finally, this court's duty to "ensure the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate" weighs in favor of dismissing Schwartz's appeal. Despite the fact that Schwartz's brief was due nearly seven months ago, Schwartz has failed to submit a brief to this court, seek an extension, or provide any form of correspondence to explain the delay in filing. Moreover, Schwartz also neglected to respond to the

---

[4] Any successful recovery by Star High Yield Investment Management on the judgment would have been subject to forfeiture in the event of a successful appeal by Schwartz.

pending motion seeking dismissal of his appeal. Under these circumstances, this court finds that dismissal is appropriate.

### III. CONCLUSION

Having failed to serve and file a brief, request an extension from this court or notify this court of the reason for the delay, or respond to Star High Yield Investment Management's motion to dismiss, this court finds that Schwartz has failed to prosecute his appeal in a timely fashion. To avoid continued and further prejudice to Star High Yield Investment Management, the court GRANTS Star High Yield Investment Management's motion to dismiss (Dkt. 14) and, accordingly, ORDERS that Schwartz's appeal be DISMISSED.

It is so ORDERED.

Signed at Houston, Texas on April 29, 2009.

_____
Gray H. Miller
United States District Judge

TO ENSURE PROPER NOTICE, EACH PARTY RECEIVING THIS ORDER SHALL
FORWARD IT TO EVERY OTHER PARTY AND AFFECTED NONPARTY